# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

OSVALDO R. GONZALEZ                                                    PLAINTIFF

v.                                                          No. 2:08CV89-P-A

CORRECTIONS CORPORATION
OF AMERICA, ET AL.                                                    DEFENDANTS

## Memorandum Opinion

This matter comes before the court on the *pro se* prisoner complaint of Osvaldo R. Gonzalez challenging the conditions of his confinement under 42 U.S.C. § 1983 – as well as the plaintiff's motion for a temporary restraining order or preliminary injunction. Indeed, the motion is simply a copy of the plaintiff's First Amended Complaint with pages attached requesting injunctive relief. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Gonzalez, who is a California inmate housed at the privately operated Tallahatchie County Correctional Facility, alleges that the defendants have violated his rights under the United States Constitution and the Religious Land Use and Institutionalized Persons Act by failing to provide him a diet that comports with the tenets of Islam. For the reasons set forth below, the plaintiff's motion for a temporary restraining order or preliminary injunction shall be denied, and instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

Gonzalez alleges that, at various times from July 2007 through April 2008, the defendants failed to provide him with a diet appropriate for his Muslim beliefs. Islam permits the consumption of only certain kinds or meat, and forbids consumption of others. As such, should Gonzalez receive a tray with forbidden meat, then he must, under the tenets of Islam,

refuse that tray, as the forbidden meat has contaminated it. To accommodate the dietary needs of its inmates, the Tallahatchie County Correctional Facility provides three types of meals: (1) vegetarian, (2) Kosher, and (3) medical. Gonzalez concedes that both the vegetarian and Kosher meals meet the requirements of Islam. As an additional accommodation, the prison will replace meat servings with beans, cheese, or both to ensure that the inmate receives enough protein in his diet.

Gonzalez is not on a medical diet, and the Tallahatchie County Correctional Facility will only provide Kosher meals to inmates who officially list Judaism as their religion. Thus, in order to receive Kosher meals, Gonzalez would have to renounce his faith in a written document. Thus, Gonzalez must eat the vegetarian meals to meet the requirements of his faith. However, Gonzalez objects to the vegetarian diet because it leaves him too gassy, and he alleges that this violates the ritual purity required for praying five times per day. In addition, as inmates do not have to sign up for vegetarian meals (any inmate can request a one), sometimes the vegetarian trays run out before Gonzalez can get one. Thus, when the vegetarian trays run short, Gonzalez must eat a regular tray (with beans and cheese substituted for the meat dish) – or go without food for that meal. Gonzalez suggested several times that the Tallahatchie County Correctional Facility should issue Religious Diet Cards to inmates who have signed up for such diets, and the prison adopted such a program on May 23, 2008.

The plaintiff has acknowledged that the vegetarian diet, as well as the substitution of beans and cheese for meat, comport with the requirements of Islam. As discussed below, the prison policy of providing such meals to the plaintiff does not violate federal constitutional or statutory law. The court shall therefore consider only the following incidents, in which Gonzalez had to skip meals *entirely* to comply with the dietary strictures of Islam:

August 21, 2007 –

| | |
|---|---|
| November 6, 2007: | "several incidents" [the court will count this as three incidents] in which the defendants provided no religious diet meals; |
| December 2, 2007: | Gonzalez skipped lunch because the lunch provided contained meat; |
| January 4, 2008: | The prison ran out of special diet trays; Gonzalez skipped lunch; |
| January 12, 2008: | The prison ran out of special diet trays; Gonzalez skipped lunch; |
| February 18, 2008 – February 21, 2008: | Gonzalez missed three meals because no special diet trays were provided to him; |
| March 8, 2008: | Gonzalez missed a meal because a vegetarian tray contained meat; |
| April 9, 2008: | Gonzalez missed a meal because it appeared that meat had been placed on his tray – then removed; |
| April 10, 2008: | Gonzalez missed a meal because no special diet trays were provided; |
| April 26, 2008: | Gonzalez missed breakfast because his tray contained meat. |

Thus, it appears that he missed a total of thirteen meals over a period of eight months.

## The Plaintiff's Claims

The plaintiff asserts the following claims for relief:

1. Denial of proper medical care by failing to provide a properly balanced diet;

2. Denial of the right to free exercise of religion;

3. Denial of the right to free speech;

4. Violation of the prohibition against laws respecting the establishment of religion;

5. Denial of the right to equal protection under the law;

6. Violation of the Religious Land Use and Institutionalized Persons Act.

For the reasons set forth below, these allegations shall be dismissed for failure to state a claim upon which relief could be granted.

**Constitutional Claims Brought Under 42 U.S.C. § 1983**

A prisoner's rights under the First Amendment do not require the prison to provide a diet that comports with his religious beliefs. *Udey v. Kastner*, 805 F.2d 1218 (5th Cir. 1986); *O'Lone v. Shabazz*, 482 U.S. 342 (1987). As such, the plaintiff's claims that the defendants have violated his right to the free exercise of his religion, his rights under the establishment clause, and his right to free speech shall be dismissed.

Likewise, the plaintiff's equal protection claim must fail, as he has conceded that the Tallahatchie County Correctional Facility retains the policy of providing Muslim inmates meals which comport with Islam (the vegetarian diet) – and, indeed, the prison has implemented the Religious Meal Card program the plaintiff suggested to ensure that the religious meals are distributed properly. To succeed on his equal protection claim, Gonzalez must allege "purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Muhammad v. Lynaugh,* 966 F.2d 901, 903 (5th Cir.1992). The prison's adoption of the plaintiff's plan weighs against a finding of intentional discrimination. In addition, the plaintiff has not made any "[f]actual allegations [sufficient] to raise a right to relief above [speculation]" that the defendants have intentionally discriminated against him. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[T]he Fourteenth Amendment does not demand 'that every religious sect or group within a prison – however few in number – must have identical facilities or personnel.'" *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 859 (5th Cir.2004) 862-63 (quoting *Cruz v. Beto,* 405 U.S. 319, 322 n. 2, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972)). Rather, officials must provide prisoners "reasonable opportunities . . . to exercise the religious freedom guaranteed by the First and Fourteenth Amendment[s]." *Cruz,* 405 U.S. at 322 n. 2, 92 S.Ct. 1079. The plaintiff cites no constitutional authority requiring the defendants to provide him with meals that he might prefer to the vegetarian meal, such as Kosher

meals.  Further, as discussed below, the prison's intermittent failure in accommodating the

plaintiff's dietary preferences does not rise to the level of a constitutional violation.  A such, the

court holds that the defendants have provided the plaintiff a reasonable opportunity to eat meals

comporting with his religious beliefs.

The plaintiff alleges in his remaining constitutional claim that his diet at the Tallahatchie

County Correctional Facility has led to a decline in his health (high cholesterol levels) and

constitutes a violation of the Eighth Amendment prohibition against cruel and unusual

punishment.  He has not, however, alleged that he has sought medial care for this condition, such

as medication to reduce cholesterol levels, a medical diet to promote lower cholesterol and better

health, or any other means prescribed by a doctor.  As the plaintiff has not sought – and been

denied – medical treatment for elevated cholesterol levels, his claim that the defendants have

violated the Eighth Amendment by virtue of the his diet shall be dismissed.  In sum, all of the

plaintiff's constitutional claims brought under 42 U.S.C. § 1983 shall be dismissed for failure to

state a claim upon which relief could be granted.

### Religious Land Use and Institutionalized Persons Act,
### 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA")

The language of RLUIPA is not a model of clarity.  The statute's general rule reads:

### § 2000cc-1.  Protection of religious exercise of institutionalized persons

(a) General rule

> No **government** shall impose a substantial burden on the religious
> exercise of a person residing in or confined to an **institution**, as
> defined in section 1997 of this title,[1] even if the burden results
> from a rule of general applicability, unless the government

---

[1]A private prison qualifies as an "institution" under 42 U.S.C. § 1997, with some
exceptions not applicable to this case.

demonstrates[2] that imposition of the burden on that person –

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (emphasis added).

The court must distill the statutory mandate of RLUIPA into rules and apply those rules to the case at hand. The court shall assume, for the purposes of this opinion, that RLUIPA applies to private prisons such as Corrections Corporation of America (which owns and operates the Tallahatchie County Correctional Facility). First, the defendants (as instrumentalities of the California government) must not impose a substantial burden on the religious exercise of the plaintiff – even if the burden results from a rule of general applicability – unless the defendants prove that imposition of the burden on the plaintiff is (1) in furtherance of a compelling governmental interest; and (2) that imposition of the burden is the least restrictive means of furthering the compelling governmental interest.

**No Substantial Burden**

The first question is whether the fact that the plaintiff missed thirteen meals over the course of eight months constitutes "a substantial burden on the [plaintiff's] religious exercise." The court holds that it does not. Certainly, denial of a few religious meals can be a *de minimis* violation. *Rapier v. Harris,* 172 F.3d 999, 1006 n. 4 (7th Cir.1999) (denial of pork-free meal on three isolated occasions out of 810 meals constituted *de minimis* burden, where caused by institutional shortage, and plaintiff has not alleged a routine or blanket practice of denying him pork-free meals). *Rapier* is similar to the case at bar, where the plaintiff missed 13 of

---

[2]"Demonstrates" is defined as "meet[ing] the burdens of going forward with the evidence and of persuasion." 42 U.S.C. § 2000cc-5.

approximately 240 meals because they contained pork; the prison ran short of the vegetarian

meals, and the plaintiff has not alleged a routine practice of denying him pork-free meals.  In

addition, the prison has adopted the system advocated by the plaintiff to ensure better

distribution of the special diet meals.  The problems the plaintiff has experienced appear to arise

from imperfect implementation of a valid system for accommodating his religious dietary needs,

rather than a deliberate attempt to subvert his religious practices.  To apply RLUIPA in the

manner advocated by the plaintiff in this suit would subject prisons to a standard similar to strict

liability (imposing liability whenever a prison makes the slightest deviation from standard

practice), a position finding no support in the law.  For these reasons, the court holds that the

plaintiff's claims under RLUIPA must be dismissed for failure to state a claim upon which relief

could be granted.  In sum, all of the plaintiff's claims shall be dismissed for failure to state a

claim, and his motion for a temporary restraining order or preliminary injunction shall be denied.

A final judgment consistent with this memorandum opinion shall issue today.

      **SO ORDERED,** this the 5th day of December, 2008.


/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE