# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**OSVALDO R. GONZALEZ**                                                    **PLAINTIFF**

**v.**                                                                **No. 2:08CV89-P-S**

**CORRECTIONS CORPORATION**
**OF AMERICA, ET AL.**                                                  **DEFENDANTS**


## ORDER DISMISSING AS MOOT PLAINTIFF'S
## MOTION [11] FOR A OR PRELIMINARY INJUNCTION

This matter comes before the court on the motion [11] by the plaintiff Osvaldo R. Gonzalez for a preliminary injunction. Gonzalez, a California state prisoner housed in a private prison in Mississippi, is proceeding *pro se* and seeks relief under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. He alleges, among other claims, that: (1) the defendants have violated his First Amendment right to the free exercise of religion by failing to provide him a diet that comports with the tenets of Islam, and (2) the defendants have violated the Eighth Amendment prohibition against cruel and unusual punishment by providing him with a diet that causes high cholesterol and other health problems. The court held a hearing on the motion for preliminary injunction on February 10, 2010. After hearing testimony and receiving evidence, the court recessed the proceedings to permit the parties to work toward a resolution of the matter. Dr. Stephanie Warner, M.D., Ph.D. worked with the plaintiff and Heidi Myers, R.D., a registered dietician, to implement a diet that: (1) comports with Islam, (2) meets the medical and nutritional needs of Gonzalez, and (3) uses foods which can readily be obtained by the prison. Working together, the parties have resolved the matter of Gonzalez's diet going forward. Dr. Warner included the details of the diet in her March 12, 2010, report to the court.

Gonzalez objected to Dr. Warner's medical report, but signed an acknowledgment form attached to the report agreeing that "the proposed diet does not interfere with my religious beliefs, and that the diet is nutritionally sound," and that, having discussed the diet with Dr. Warner that Gonzalez is "in agreement with [Dr. Warner] that this is an appropriate diet for [him] based on [his] health, age and medical history." In his objection to Dr. Warner's medical report to the court, Gonzalez stated that "[t]he agreement signed by the Plaintiff on March 12, 2010 was for the diet[] in the five-day menu only. Not for anything else." Thus, Gonzalez has found that the proposed diet is acceptable – subject to changes as needed based upon Gonzalez's health and nutritional needs. Given the parties' agreement that the diet meets Gonzalez's health, nutritional, and religious requirements, the court **APPROVES** the diet.

### Discussion

A preliminary injunction is an extraordinary remedy, *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994), "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996).

The defendants have agreed to provide Gonzalez the diet he seeks – a diet meeting his nutritional, health, and religious needs. Gonzalez has approved the diet, as has the court. The conditions about which the plaintiff complains have therefore been alleviated. As such, the plaintiff's motion for a preliminary injunction is **DISMISSED** as moot. In light of this ruling, the hearing on this motion previously set for April 12, 2010, is **CANCELED.**

**SO ORDERED,** this the 30th day of March, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE