**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**OSVALDO R. GONZALEZ**                                              **PLAINTIFF**

**v.**                                                                                                   **No. 2:08CV89-P-S**

**CORRECTIONS CORPORATION
OF AMERICA, ET AL.**                                                 **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTION [56] FOR
VERIFICATION OF SERVICE OF PROCESS,
*DENYING* PLAINTIFF'S MOTION [55] TO APPOINT EXPERT,
*DISMISSING* PLAINTIFF'S MOTION [49] TO CORRECT ORDER;
*DENYING* PLAINTIFF'S MOTION [49] FOR A COPY OF THE
TRANSCRIPT OF THE PRELIMINARY INJUNCTION HEARING;
*REQUIRING* THE PLAINTIFF TO FILE AN AMENDED COMPLAINT
NAMING EACH DEFENDANT AND CLEARLY STATING THE ACTIONS
OR OMISSIONS GIVING RISE TO THE PLAINTIFF'S CLAIMS
AGAINST EACH DEFENDANT**

This matter comes before the court on the plaintiff's motion [56] for verification of service of process on the defendants in this case. That motion is **DENIED**. The court will require the plaintiff to file and amended complaint as set forth below. Once the plaintiff has filed his amended complaint, the court will issue process for each defendant who has not been served.

The plaintiff also seeks [55] appointment of an expert witness. That motions is also **DENIED**. Section 28 U.S.C. § 1915 of the United States Code sets forth the items the government may pay for indigent plaintiffs, and expert witnesses are not among those items, which include only: (1) printing the record on appeal if required by the appellate court, (2) providing a transcript of proceedings, and (3) serving process upon the defendants.

In addition, the plaintiff has moved [49] to correct the court's February 5, 2010, order such that it lists defendant Robert Adams only once and identifies him as the Warden of the Tallahatchie

County Correctional Facility. As Robert Adams is listed as a defendant and correctly identified on the docket as "Warden, Tallahatchie County Correctional Facility," that motion is **DISMISSED** as unnecessary.

The plaintiff also requests [49] a copy of the transcript of the evidentiary hearing of February 20, 2010. That request is **DENIED** for the present, as the record of the hearing has not yet been transcribed. Should the plaintiff require the transcript in preparation for a trial of this matter or for an appeal, he may request a transcript at that time.

Finally, the plaintiff has filed an original complaint, and amended complaint, a second amended complaint, and various briefs in support of his multiple complaints. In addition, it appears that some of the plaintiff's claims are contained in his motion for a preliminary injunction – and that the plaintiff's request of October 23, 2009, to amend his complaint included a request that the court insert and remove words from paragraphs in a previous complaint. In sum, the plaintiff's claims can no longer be found in a single document – and do not meet the requirement of FED. R. CIV. P. 8(a)(2) that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The plaintiff's "pleading" is now scattered so far throughout the docket that the court can no longer determine what the plaintiff's claims are – or the actions each defendant has taken entitling the plaintiff to relief.

*For these reasons, the plaintiff is **ORDERED** to file an amended complaint within twenty-one days of the date of this order. The amended complaint must include the name and title of each defendant, the actions or omissions of each defendant entitling the plaintiff to relief, and the relief sought for each claim. This amended complaint will supersede all previous complaints – and put all of the plaintiff's claims before the court in a single document.*

**SO ORDERED,** this the 30th day of March, 2010.

                                          /s/ W. Allen Pepper, Jr.
                                          W. ALLEN PEPPER, JR.
                                          UNITED STATES DISTRICT JUDGE