# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

OSVALDO R. GONZALEZ                                                                                    PLAINTIFF

v.                                                                                                 No. 2:08CV89-P-S

CORRECTIONS CORPORATION
OF AMERICA, ET AL.                                                                                    DEFENDANTS

## MEMORANDUM OPINION

The *pro se* prisoner plaintiff Osvaldo Gonzalez is in the custody of the California Department of Corrections and Rehabilitation and housed at the Tallahatchie County Correctional Facility. Gonzalez filed a complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act challenging the conditions of his confinement. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this lawsuit.[1]

Defendants Corrections Corporation of America, Robert Adams, J. Watson, and T. Thomas (the "CCA Defendants") have filed a motion for summary judgment. Likewise, defendants Jane Strong and Lewis Anderson (the "CCS Defendants") also seek summary judgment. Gonzalez has responded to both motions filed a cross-motion for summary judgmnet. The matter is ripe for resolution. For the reasons set forth below, the motions by the defendants for summary judgment will be granted, the motion by Gonzalez for summary judgment will be denied and judgment will be entered for the CCA and CCS Defendants.

---

[1] 28 U.S.C. § 1915(g).

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving

party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Exhaustion of Administrative Remedies[2]

One of the bases advanced in both requests for summary judgment relief is that the plaintiff did not exhaust his administrative remedies before filing the instant suit. The court must ensure that the plaintiff has exhausted his administrative remedies with the California Department of Corrections and Rehabilitation before examining the merits of the plaintiff's claims. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).[3] In this case the plaintiff acknowledges that he has not completed the four-step administrative remedy program used by the California Department of Corrections and Rehabilitation. Gonzalez argues that he was not required to complete the process by sending an appeal to the prison authorities in California – in part because the Tallahatchie County Correctional Facility promulgated a policy in conflict with the written policy established by the California Department of Corrections and

---

[2]The undisputed material facts necessary for a favorable ruling on the pending motions by the plaintiff and defendants for summary judgment are not set forth separately, but are included in the court's discussion of exhaustion of administrative remedies.

[3]Religious Land Use and Institutionalized Persons Act claims are also subject to the exhaustion requirement of 42 U.S.C. § 1997e(a). *Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d

Rehabilitation. This claim is without merit and will be dismissed.

> California inmates housed at TCCF are directed to address complaints and concerns through a grievance process that includes four (4) levels of review pursuant to California Department of Corrections and Rehabilitation ("CDCR") Inmate Resolution procedures. The process consists of one level of informal review, followed by a 3-step formal review process. First, the inmate may submit an informal resolution Form 14-5A. If unsatisfied with the findings of the informal process, the inmate is directed to submit a formal grievance Form 14-5B. The 14-5B process is first reviewed and responded to by the appropriate staff member depending on what the grievance relates to. If the inmate is unsatisfied with the first response, he may appeal to the second level of the 14-5B process, which is then reviewed and addressed by the Warden or appropriate Administrator of the facility. **Finally, if the inmate is unsatisfied with the results of the formal grievance procedure, he or she may appeal to the California Department of Corrections using a CDC 602 Inmate/Parolee Appeal Form. After the inmate exhausts his appeal with the CDCR, he will then receive an acknowledgement form stating that the inmate has exhausted his administrative remedies.**

Affidavit of Patricia Smith, Exhibit A to CCA Defendants' Motion for Summary Judgment (emphasis added). This procedure is described – with citations to relevant regulations – in the California state court case *Wright v. State*, 19 Cal. Rptr. 3d 92, 96-97 (Cal. Ct. App. 2004). In the present case, although Osvaldo Gonzalez completed the first three steps of the procedure, he did not complete the final step, as he did not appeal to the California Department of Corrections and Rehabilitation. Thus, under 42 U.S.C. § 1997e(a), the instant case must be dismissed for failure to exhaust administrative remedies.

In an attempt to show that he did not need to complete the fourth step of California's prison grievance procedure, Gonzalez argues that the Tallahatchie County Correctional Facility has adopted a procedure contrary to that established by the State of California. The plaintiff's allegation is not supported in the record. The plaintiff's argument relies on a memorandum issued by the previous Grievance Coordinator, Delma Forest. Plaintiff's Response to the

Defendants' Motion for Summary Judgment, p. 5. The memorandum states that disputes concerning the Tallahatchie County Correctional Facility must be filed on a specific form (14-5A), and that disputes concerning the State of California must be filed on a California 602 form. The memorandum cautions the inmates at the Tallahatchie County Correctional Facility that any grievance sent directly to California without first being addressed at the local facility will be returned – thus delaying the resolution of the grievance. The memorandum simply specifies which forms must be used to *initiate* a grievance – and the proper place to send the grievance – to ensure its expeditious handling. Indeed, the memorandum at issue mentions the "Grievance/ Appeal" process outlined by Patricia Smith – and the *Wright* case cited above. The plaintiff's argument regarding conflicting grievance procedures is thus without merit. As such, the motions by the CCA Defendants and the CCS Defendants for summary judgment will be granted, and judgment will be entered in favor of these defendants.

**Plaintiff's Cross-Motion for Summary Judgment**

The plaintiff filed a cross-motion for summary judgment arguing, among other things, that he exhausted the administrative remedies available to him. For the reasons set forth above in this memorandum opinion, the court rejects this argument. As failure to exhaust precludes all substantive grounds for relief, the plaintiff's cross-motion for summary judgment will be denied.

**Conclusion**

For the reasons set forth above, the motions by the CCA Defendants and the CCS Defendants for summary judgment will be granted. The plaintiff's claims against these defendants will be dismissed for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) – and judgment entered in their favor. In addition, the plaintiff's motion for summary

judgment will be denied. By separate order, the plaintiff will be directed to show cause why his claims against the remaining defendants (who have not yet been served with process) should not also be dismissed for failure to exhaust administrative remedies.

As the court has accepted and considered all briefing on the summary judgment issues in this case, the plaintiff's motions to strike some of the defendants' briefing will be denied as moot. Also, the motion by the CCS Defendants to extend the deadline to respond to the plaintiff's motion for summary judgment will be dismissed as moot.

This, the 8th day of March, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE